# J. R. ASKEW

## *v.*

# J. T. SPRINGER.

*Filed at Springfield Sept. 27, 1884—Rehearing denied January Term, 1885.*

1. PARTNERSHIP—*duties and compensation of partners.* On the formation of a partnership, all the members of the firm are required to devote their time, skill and efforts to the accomplishment of the objects for which it is formed, unless there be an agreement to the contrary; and in the absence of any agreement, neither partner has the legal right to charge the firm or other partners for services rendered in carrying on its affairs.

2. SAME—*right of one partner to rescind contract.* If partners, in the buying of land, and its sale in lots, agree among themselves that the partner making the sales shall receive a certain commission or per cent upon all such sales, neither one will afterward have the right to rescind such agreement without the assent of all. One of two partners can not terminate such a contract by notice to the other. The fact that no claim is made for such per cent during the continuance of the firm, will not preclude him from receiving the same on a settlement of the partnership account.

3. SAME—*compensation of active partner not lost by a failure to make claim on settlement.* Where it is agreed that a partner making sales of partnership lots shall receive a commission of five per cent on the amount of all sales he makes, the fact that he makes no claim for such commissions during the continuance of the firm, and a settlement is made of all other prior transactions, without including his claim for compensation, will not preclude the partner entitled to compensation under the contract, on a final settlement, from claiming it.

4. LIMITATION—*when the statute begins to run as between partners.* The Statute of Limitations does not begin to run as to matters of account between partners, until after the partnership has ceased to exist. The Statute of Limitations does not begin to run until a right of action has accrued.

5. SAME—*former decision.* The case of *Quayle* v. *Guild*, 91 Ill. 378, is not to be understood as holding a different rule. There, one of the partners had died, and the partnership was thereby dissolved, and it was held the statute began to run from that time.

6. COSTS—*in chancery—discretion.* The matter of costs in a chancery suit, except on dismissal of the bill, is discretionary with the trial court, and will not be reviewed by this court.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. W. P. CALLON, for the appellant:

There is no presumption in favor of a decree, as in case of a judgment at law. *Danforth* v. *McIntyre*, 11 Bradw. 417.

The entire claim for commissions is barred by the Statute of Limitations, the defence being fully set up by the answer. 1 Wait's Actions and Defences, 153.

When the demand is of a legal nature, and might be cognizable at law, it is governed by the same limitations as are prescribed by the statute in regard to actions in courts of common law. *Bruen* v. *Hone*, 2 Barb. 586.

In many, and perhaps most, cases, courts of equity act upon the analogy of the limitations at law, while in others they act not so much in analogy as in obedience to the statute. *Wright* v. *Leclaire*, 4 Iowa, 420.

In cases of concurrent jurisdiction, such as matters of account, etc., where the parties may proceed either at law or in equity, the Statute of Limitations applies with equal force in both courts. (7 Wait's Actions and Defences, 229, 230.) In this case appellee had his remedy against appellant by action of account. (Rev. Stat. 1874, chap. 2, par. 2.) Indeed, some courts have gone further. In *Leslie* v. *Rosson*, 39 Miss. 368, the court say: "A court of equity will not entertain a bill for an account, even between partners, when the items, both of credit and debit, arise from a special contract, and are few, and are for fixed and definite sums, and easily ascertained by the verdict of a jury." But as conclusive upon this question I cite *Quayle* v. *Guild*, 91 Ill. 378, where the precise question under discussion is squarely presented, and as squarely decided. Also, *Hancock* v. *Harper*, 86 Ill. 445; Collyer on Partnership, sec. 374; Daniell's Ch. Prac. (Perkins' ed.) 664, 665.

Messrs. SPRINGER & DUMMER, for the appellee:

Where a fact is stated in a bill and admitted in the answer, the admission is conclusive, and can not be contradicted by evidence. *Weider* v. *Clark,* 27 Ill. 251; *Knowles* v. *Knowles,* 86 id. 1.

When a proposition is made and assented to, the law will raise the inference that both parties understood it alike; and if such is not the fact, the burden of showing a misunderstanding is upon him who asserts it. *Brant* v. *Gallup,* 5 Bradw. 262.

The contract for commissions could not be rescinded by only one of the parties.

The Statute of Limitations has no application to this case.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by Springer, against Askew, for the dissolution of a partnership, a settlement of partnership accounts, and for a partition of lands belonging to the firm.

In 1866 the parties purchased forty-four acres of land adjoining the city of Jacksonville, for which they paid $13,375. They surveyed and platted the land into city lots, for sale. In this they formed a partnership, and it was agreed that they should share both in the profits and losses in the sale of the lots, and that the partner making sales should receive five per cent commissions. Complainant claims that the partner making such sale should receive such commissions out of the other partner's share, on the division of the proceeds of the sale; but defendant claims the agreement was to take the per cent from the gross proceeds of the sale. Defendant made no sales, but all sales of the property, but one, were made by complainant. Soon after the first sale was made by complainant, the parties met to divide the proceeds, and each contended for his version of the contract as to the commissions. Defendant protested vigorously against complainant's

claim, but finally yielded, but claims that he notified complainant the agreement should then end. It also appears the sales amounted to about $23,000, and it is not claimed that complainant has received more than $150 commissions. In 1878 the parties came to a settlement of all partnership matters except commissions, which were not taken into account or even mentioned. The parties also agreed on a partition of the unsold partnership property, but some difficulty occurred in reference to the deeds, and it fell through. On a hearing, the circuit court decreed a partition, which was made, and to which no exceptions are urged. The case was referred to a master, to state an account, who reported as due to complainant, from defendant, the sum of $304.37. Both parties filed exceptions to the report, and on hearing further evidence, in open court, the exceptions were overruled, and the court decreed that defendant pay complainant $245.37, and decreed that the partnership be dissolved, and that defendant pay two-thirds of the costs. Defendant appealed to the Appellate Court for the Third District, where the decree was affirmed, and he appeals to this court.

The only question contested in this court is the correctness of the statement of the account and the decree for the costs. The doctrine has been repeatedly announced by this court that on the formation of a partnership all the members of the firm are required to devote their time, skill and efforts to the accomplishment of the objects for which it is formed, unless there be an agreement to the contrary. It is also well settled in this court that in the absence of all agreement to the contrary, neither partner has the legal right to charge the firm or the other partners for services rendered in carrying on its affairs. We must therefore look to the agreement of the partners in this case for authority to charge commissions or a percentage on sales made by appellee.

The evidence most satisfactorily establishes an agreement that the partner selling the firm property should be entitled

to a commission, but the partners differ as to its rate, and their evidence on the question is irreconcilably contradictory. When they came to divide the proceeds of the first sale, appellee contended the agreement was that he should have ten per cent of the proceeds,—or, what is the same thing, that appellant should pay him five per cent of his half. Appellant claimed that it was to be only five per cent of the proceeds, or two and one-half per cent on his half; and he claims that he then notified appellee that the agreement was at an end. If there was an agreement as either party understood it, then neither had the power to rescind it without the assent of the other. This proposition is axiomatic. The notice, therefore, did not terminate the agreement. The dispute was whether the commissions should be at the one rate or the other. Appellant does not claim that he refused to pay any commissions in the future, but he was protesting that he would not pay five per cent of his share; but had he refused to pay any commissions, that would not have abrogated the agreement that commissions should be charged. Had appellee understood that the agreement to pay commissions was at an end, it is not probable that he would have devoted his time, skill and energy in making sales, when appellant contributed nothing in the way of attention to the property, or made any effort for its sale. It was equitable and just that such or some other agreement should have been made to compensate appellee for his time and effort in making sale of the property, when appellant was doing nothing. Appellant had contributed no more means for the purchase of the land than had appellee; nor has he shown any reason why it would be fair, equitable or just that appellee should perform all the labor and contribute all the effort and skill in selling the property, and divide the profits equally with him. This being true, we will not infer, on slight evidence, that appellee had agreed to abandon the agreement that he was to sell with commissions, or that appellant understood he was to have no

compensation for his attention to the property, or for its sale. Nor will the fact that appellee made no claim for commissions during the continuance of the partnership, preclude him from claiming them under the agreement. Nor does the fact that a settlement was made of all other prior transactions without including this claim for commissions, preclude appellee from asserting his claim, inasmuch as other lands remained to be sold, and the affairs of the firm were not closed. Nor does the plea of the Statute of Limitations apply because the charges were, some of them, made fifteen or sixteen years since. The partnership was still in existence, and its affairs were not closed. Until that has ceased to exist the statute does not begin to run. If it were otherwise, no account could be taken of long partnerships back of the period of the bar of the statute. Until a dissolution or an accounting by the partners neither has the right to sue for an accounting or for a balance, and the statute never begins to run until an action accrues. The evidence warrants the decree.

As to the question of costs, we again, as we have many times before, commencing many years since, only refer to the 18th section of the Cost-act. It provides that on the dismissal of the bill the defendant shall recover costs, but in all other cases in chancery not otherwise directed by law, it shall be in the discretion of the court to award costs, or not. This, as we have many times said, is purely in the discretion of the court, over which we have no control.

The decree of the Appellate Court is affirmed.

*Decree affirmed.*

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per CURIAM: We have considered the petition for a rehearing with all the care the time at our disposal will permit, and have reconsidered all the questions involved, and have reached the same conclusion heretofore announced.

It is urged that the case of *Quayle* v. *Guild*, 91 Ill. 378, is conclusive of this case,—that it holds that a bill for an account is barred in the usual period, notwithstanding the partnership has not terminated. This is a misconception of the doctrine of that case. There, one of the partners had died, which, under all the authorities, terminated the partnership, and it was held that the statute began to run from that time. That case is in harmony with what is said in the opinion heretofore filed herein.

It is urged that the court erred in allowing appellee commissions on the sale of a portion of the lots by Wilson, and appellee has thereby received $37.50 too much. To this it is sufficient to say, that the court, on a hearing on the master's report, reduced it from $304.37, to the sum of $245.37. Thus the sum returned by the master was reduced $59, and as nothing appears to the contrary, we must presume the reduction embraced this item. It was more than large enough to cover this error, and unless it appeared the reduction was made for some other reason, we must presume the error was thus corrected.

The rehearing must be denied.

*Rehearing denied.*