## Eva Nelson v. James W. Gibson.

1. BENEFICIARY ASSOCIATIONS—*Laws Under Which They Are Incorporated a Part of the Contract with Members.*—The law under which a beneficiary association is incorporated, existing at the time of the admission of a member, is to be construed as part of the contract between him and the association.

2. SAME—*Unconstitutional By-Laws.*—Where the act under which a beneficiary association is incorporated, provides that the member may designate by will a beneficiary having no insurable interest in his life, a by-law providing that he can not do so, is clearly inconsistent with the constitution, as it impairs the obligation of the contract between the member and the association.

3. SAME—*No Power to Restrict the Right to Change the Beneficiary.*—Where a member of a beneficiary association has by his certificate and the law under which the association is incorporated the right to designate by his will a beneficiary having no insurable interest in his life the association is powerless to prohibit, restrict or impose conditions upon the exercise of such right.

4. STATUTES—*A Rule of Construction.*—It is a recognized rule in the construction of statutes, that they should be so construed as to give them a prospective operation only, and they should be allowed to operate retrospectively, only when the legislative intention to give them such operation is clear and undoubted.

5. COSTS—*In Cases of Interpleader.*—Under the statute (Hurd's R. S. 1899, 484), in cases of interpleader the awarding of costs is in the discretion of the trial court and this court will not interfere with the award unless there has been an abuse of the discretion.

**Bill of Interpleader.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed January 7, 1901.

**Statement.**—December 4, 1897, the Scandinavian Mutual Aid Association filed a bill of interpleader alleging that

$3,000 was due from it as a death benefit on a certificate of membership issued to Leander E. Nelson, who died March 12, 1897, in which certificate Eva Nelson, the mother of said deceased, was named as beneficiary; that Eva Nelson and one James W. Gibson both claimed the said money, the latter in pursuance of the will of the deceased and also as executor of said will, and the former as the beneficiary named in said certificate. The complainant prayed that said Eva Nelson and James W. Gibson, as executor, should interplead, and offered to pay said sum into court, to abide the order of the court. The court entered an interlocutory order directing the payment into court by the complainant of $3,000, less $13, the complainant's costs, discharging the complainant from further liability, and ordering appellant and appellee to interplead. An order was also entered making Gibson a party defendant in his individual capacity. The issues having been made up, the cause was referred to a master to take proofs and report. The master's report was confirmed and a decree was entered, the concluding part of which is, in substance, as follows:

Court further finds that from the sum of $2,987 paid into this court by said association in this suit, $13 having been deducted from said $3,000 as complainant's costs, there has been paid to Eva Nelson $900, and that there has been allowed and paid to the master in chancery herein, from said moneys, as his fees, $160, and also $10 paid as stenographer's fees, and there now remains in this court $1,917; court doth find that said $170 master's and stenographer's fees and said $13 costs shall be paid from the moneys in court, and that the $100 remaining from the $1,000 of the aforesaid $3,000 to which Eva Nelson was entitled be paid to her; that James W. Gibson is entitled to the sum of $1,813 from the $3,000 named and mentioned in the aforesaid certificate; that there be paid from said moneys now in court $1,813 to Peter F. Young, attorney in fact of James W. Gibson, to Minnie Peterson $1, to Hannah Cederstrom $1, to John Nelson $1, and to Gustav Nelson $1.

The evidence before the master consisted solely of a stipu-

Nelson v. Gibson.

lation of the parties as to the facts, from which stipulation it appears that the Scandinavian Mutual Aid Association (hereinafter called the Aid Association) was incorporated September 12, 1883, under an act in force July 1, 1883, entitled " An act to provide for the organization and management of corporations, associations or societies for the purpose of furnishing life indemnity or pecuniary benefits to widows, orphans, heirs, relatives and devisees of deceased members, or accident or permanent disability indemnity to members thereof; " that November 8, 1886, Leander E. Nelson became a member of said Aid Association, and a certificate of membership was issued to him as follows :

" CERTIFICATE OF MEMBERSHIP IN THE SCANDINAVIAN MUTUAL AID ASSOCIATION.

Home Office, Galesburg, Illinois.

THIS IS TO CERTIFY that Leander E. Nelson is a member of the Scandinavian Mutual Aid Association of Illinois, and that he is entitled to all the rights and privileges of membership and to participate in the mortuary fund of the association, to the amount of three thousand dollars, which sum or such parts thereof as may be collected as specified in the constitution and by-laws of the association shall, within ninety days after satisfactory proof of death have been furnished, be paid to his mother, Eva Nelson.

THIS CERTIFICATE is issued upon the condition that the said Leander E. Nelson shall comply with the constitution and by-laws of the association, and that the statements made in the application for this certificate are true.

IN WITNESS WHEREOF, the said association has hereunto affixed its seal and caused this certificate to be signed by its president and secretary, in the city of Galesburg, State of Illinois, this 8th day of November, A. D. 1886.

[SEAL.]                    S. P. A. LINDAHL, President.
                           NELS NELSON, Secretary."

That attached to said certificate and made a part thereof are the constitution and by-laws of said Aid Association; that section 7 of article 9 of the constitution is as follows : " The constitution can be amended and changed at the annual meeting of the association by a majority of two-thirds of all the members present;" that section 6, article 9 of the constitution was originally as follows:   "A member

who changes his address should at once inform the secretary to that effect;" that January 24, 1894, an amendment to the constitution was adopted by vote of the members of the Aid Association, adding thereto a new section, to stand as section 6 of article 9, as follows: "When a member desires to change the beneficiary named in his or her certificate, such certificate shall be returned to the secretary of the association with a written request for such change, and no attempted change of payee or beneficiary shall be of any effect until such request and policy are received by the secretary; but upon such receipt a new certificate shall be issued in accordance with such request, provided the new payee or beneficiary shall have an insurable interest in the assured;" that Leander E. Nelson, from the time he became a member of said association until the time of his death, March 12, 1897, continued to be, and at last mentioned date was, a member in good standing in said association, and that James W. Gibson was not related by consanguinity or affinity to said Nelson, deceased, nor an heir at law of said deceased, nor a member of his family, nor in any way dependent on him; that said certificate was retained in the possession of said Nelson, deceased, till the time of his death, and said deceased was never married; that in February, 1894, said association was re-incorporated under and has since complied with the provisions of an act of the legislature of the State of Illinois, approved June 22, 1893, entitled, "An act to incorporate companies to do the business of life or accident insurance on the assessment plan, and to control such companies of this State and of other States doing business in this State; and to repeal a certain act therein named, and providing and fixing punishment for violation of the provisions thereof;" that Leander E. Nelson, by his last will, directed as follows: "And, furthermore, it is my will and desire that my life insurance in the Scandinavian Mutual Aid Association, No. 3722, made payable to my mother, Mrs. Eva Nelson, for three thousand dollars, be revoked and made payable as follows: It is my will that one thousand dollars be given

my mother, Mrs. Eva Nelson; to John Nelson, my brother, one dollar; Gus Nelson, also my brother, one dollar; Mrs. P. A. Peterson, my sister, one dollar; Mrs. Hannah Cederstrom, my sister, one dollar, and to my nephew, Edward Cederstrom, one dollar; the balance to go as I have directed to Reverend James Gibson, D. D.;" that said will was admitted to probate in the Probate Court of Cook County, Illinois, March 16, 1897, and that a bill was filed February 19, 1898, by Eva Nelson, the appellant, to contest the same, which was answered by appellee Gibson, and a replication filed, which bill is pending, and that the will so admitted to probate was in the possession of Leander E. Nelson at the time of his death.

M. C. Harper and O. C. Peterson, attorneys for appellant.

Geo. G. Bellows, attorney for appellee.

Mr. Presiding Justice Adams delivered the opinion of the court.

Appellant's counsel cite and apparently rely on the act of 1887, in relation to benefit societies, which neither in the title nor in the body of the act refers to devisees or legatees as beneficiaries (Hurd's Stat. 1889, p. 820); also to section 9 of an act in force July 1, 1893, which prohibits the issuing or assignment of a certificate to one having no insurable interest in the life of the assured (Hurd's Stat. 1895, p. 918); also to section 1 of an act approved and in force June 22, 1893, which provides, among other things:

" Payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon the member."

Section 1 of the act of 1883, under which the Scandinavian Mutual Aid Association was incorporated, is as follows:

" That corporations, associations or societies for the purpose of furnishing life indemnity or pecuniary benefits to

the widows, orphans, heirs or relatives by consanguinity or affinity, devisees or legatees of deceased members, or accident or permanent disability indemnity to members thereof, and whose members shall receive no money as profit, and where the funds for the payment of such benefit shall be secured in whole or in part by assessments upon the surviving members, may be organized subject to the conditions hereinafter provided."

The act of 1883, under which the Aid Association was incorporated, is a part of the contract between the association and Leander E. Nelson, deceased, evidenced by his certificate of membership. Niblack on Benefit Societies, etc., 2d Ed., Sec. 136; Bacon on Benefit Societies, etc., 2d Ed., Sec. 91; People v. Chicago Gas Trust Co., 130 Ill. 268, 285; Wallace v. Madden, 168 Ib. 356.

In Voigt v. Kersten, 164 Ill. 314, it appeared that the benefit society which issued the membership certificate was incorporated under the act of 1887, which was the law of the society at the time of the issuance of the certificate. Section 1 of that act provided, "That corporations, associations or societies for the purpose of furnishing life indemnity or pecuniary benefits, upon the death of a member, to the widows, heirs, relations, legal representatives, or the designated beneficiaries of such deceased member * * * may be organized," etc. (Hurd's Stat. 1889, C. 78, parag. 125, p. 820.) June 23, 1893, another statute was approved and went into force, which provided that "Payments of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife, or to persons dependent on the member." (Hurd's Stat. 1895, C. 73, parag. 258 p. 923.) Subsequently the benefit association revised its by-laws by adopting as a by-law the above quoted language of the act of 1893, except omitting the words "affianced husband." The certificate in question in the case was issued to one Paul Anton Fischer, and the beneficiary named therein was Anton Voigt, the appellant. Fischer, by his last will, named Anna Rosina Kersten as the beneficiary, and Voigt claimed that this was in violation of the act of 1893, and therefore illegal. The court, adopting

the opinion of the Appellate Court, which was delivered by Mr. Justice Shepard, say:

" At the time the contract was made between the deceased and the complainant order, the right to appoint the beneficiary or change the name existed and, we think, was an important part of the contract entered into. It would seem that the construction of the act passed in June, 1893, giving it the effect to destroy that right of appointing a beneficiary, or naming another beneficiary, which existed in favor of the deceased under his contract prior to the passage of the act, would be to give the act a retrospective effect and destroy the obligation of the contract entered into between the deceased and the complainant. It is a recognized rule in the construction of statutes, that they should be so construed as to give them a prospective operation only, and they should be allowed to operate retrospectively only when the legislative intention to give them such operation is clear and undoubted."

The court further say:

" We think that the right to make this change was one of the considerations entering into the contract at the time the deceased obtained his certificate from the complainant, and that it was a material right, and one that could not be taken away by the legislature, and we do not think that the legislature intended, by the act of June, 1893, to effect certificates of insurance issued prior thereto."

In the present case it was part of the contract of Leander E. Nelson, deceased, in view of the act of 1883, that he might name a beneficiary by will, and that he might so name one not related to him by consanguinity or affinity, or in any way dependent on him, or having any insurable interest in his life. Martin v. Stubbings, 126 Ill. 387; Benefit Association v. Blue, 120 Ib. 121; Moore v. Guaranty Fund Life Society, 178 Ib. 202.

Counsel for appellant also rely on the provision of the constitution, section 7, article 9, providing, " The constitution can be amended and changed at the annual meeting of the association by a majority of two-thirds of all its members present," and on substituted section 6 of article 9, which is as follows:

" When a member desires to change the beneficiary

named in his or her certificate, such certificate shall be returned to the secretary of the association, with a written request for such change, and no attempted change of payee or beneficiary shall be of any effect until such request and policy are received by the secretary; but upon such receipt a new certificate shall be issued in accordance with such request, provided the new payee or beneficiary shall have an insurable interest in the assured."

The argument of counsel for appellant is, in substance, that the constitution of the association being a part of the contract of the assured, and the constitution containing the above quoted provision for its amendment, the assured, by his contract, agreed to be bound by any amendment which might be made in the manner described in the provision for amendment, and consequently he was bound by the new section 6 of article 9, above quoted.

Section 6 of article 9 is a mere by-law, and its only effect is to prescribe the manner of amendment, namely, by a majority of two-thirds of all the members present at an annual meeting. If the section had been wholly omitted from the constitution or by-laws, the association would have had ample power to pass any lawful amendment of the constitution or by-laws. Niblack on Benefit Societies, etc., Secs. 28, 105; Bacon on Benefit Societies, etc., 2d Ed., Vol. 1, Sec. 91a.

The assent of the assured, therefore, did not confer any power on the association which without such assent it had not, nor did it bind the assured to submit to any amendment to which he could not be compelled to submit in the absence of section 6 of article 9.

Section 4 of the act of 1883, which act, as has been shown, was a part of the contract of the assured, provides that corporations organized under the act "may make by-laws not inconsistent with the constitution and laws of this State and of the United States." (Hurd's Stat., 1885, p. 732.) It being a part of the contract of the assured that he might designate by will a beneficiary having no insurable interest in his life, a by-law which provides, in substance, that he can not by will designate a benficiary, and

Nelson v. Gibson.

that he can not, in any way, designate a beneficiary who has no insurable interest in his life, is clearly inconsistent with the constitutions of this State and of the United States, in that it impairs the obligation of the contract between the assured and the association.  The act of 1883 includes legatees having no insurable interest in the life of the deceased member as a class of beneficiaries.  The by-laws in question excludes this class, which it has been expressly decided the association can not legally do.  Wallace v. Madden, *supra*.

When section 6 of article 9 was adopted, January 4, 1894, the benefit association was still organized and acting under the law of 1883, as is shown by the stipulation of facts, and we can not perceive how the section can be held valid, even though it be considered as operating only prospectively; and we think it clear that it can not be held to operate retrospectively to the impairment of its contract with the assured.

The assured had, by his contract, lawful right to designate by his will a beneficiary having no insurable interest in his life, and the benefit association was powerless to prohibit, restrict or impose conditions on the exercise of that right.

The appellee has assigned as cross-error the payment of the costs out of appellee's portion of the fund.  The statute provides that in such cases as the present "it shall be in the discretion of the court to award costs or not."  (Hurd's Stat., 1899, p. 484.)  The controversy in the present case was as to $2,000 which appellee claimed as a designated beneficiary by the will, he conceding that appellant was entitled to receive $1,000.  We think the contest on appellant's part was in good faith, and while we might be better satisfied had the costs been apportioned between the parties, we do not feel warranted in holding that there was an abuse of discretion by the court.  See Askew v. Springer, 111 Ill. 662; Voigt v. Kersten, 164 Ib. 314, 221–2.

In the last case it will be observed that, by inadvertence or misprint, the word appellant is used for appellee, p. 322.

The decree will be affirmed.