## Rebecca Converse et al., Defendants in Error, v. Louisa Hindes et al., Plaintiffs in Error.

### Gen. No. 4,882.

1. APPEALS AND ERRORS—*when merits will be determined notwithstanding irregularities.* The merits of an appeal will be determined by the Appellate Court notwithstanding informalities and irregularities in the manner of bringing up the cause where all the parties in interest are before the court and none of such irregularities have been brought by any of such parties to the attention of the court.

2. TAXATION OF COSTS—*power of court with respect to.* Costs can only be imposed by the courts where their imposition is authorized by statute, except in peculiar cases, such as where the construction of a will is involved.

3. SERVICE OF PROCESS—*effect of, where had by publication.* Service of process by publication only enables the court to give effect to the proceeding insofar as it is one *in rem;* such service does not authorize a personal judgment or decree.

Bill to contest will. Error to the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed March 11, 1908.

STEVENS R. BAKER, for plaintiffs in error.

H. H. McDOWELL, for defendants in error; C. C. & L. F. STRAWN, of counsel.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Rebecca Converse, widow of Orlin Converse who died testate on January 15, 1906, by Fred Fienhold, her conservator, filed a bill in the Circuit Court of Livingston county on August 15, 1906, to contest the will of her deceased husband, and made defendants thereto his heirs at law, devisees and legatees. Some of the defendants were personally served, others were brought in by publication. H. H. McDowell and C. C. and L. F. Strawn appeared as solicitors for certain defendants interested in sustaining the will, and filed an answer for them. There was a trial and a decree sustaining the will. Afterward, said solicitors filed a petition asking that they be allowed solicitor's fees for their services and that the same be taxed as costs and charged against the heirs whom they represented (except one May C. Filo), who are now joined with said solicitors as defendants in error, and also against plaintiffs in error who were also heirs and co-defendants in the suit below, though not appearing at any stage of the trial. There was a hearing on the petition, and the solicitors' fees were fixed at $5,000 and that sum together with the costs of the proceeding to tax solicitors' fees were ordered taxed as costs against defendants in error and plaintiffs in error as their interests might appear, and their interests in the real estate left by the deceased were ordered sold to pay said fee and costs, and execution was awarded for any deficiency. Plaintiffs in error, Louisa Hindes and Myron G. Norton, were persons who would take under the will and who also would

take as heirs at law if the will were set aside, and they were defendants and taxed with a portion of these solicitors' fees and costs, and they have sued out this writ of error and seek the reversal of said decree taxing solicitor's fees and costs.

There are several informalities and irregularities in the manner of bringing this cause before us, for which we might set aside the order taking the cause and defer a decision till the same are corrected. The parties in interest, however, are all before us and have not seen fit to raise any of these points, but have submitted the cause for decision upon the merits, and we have concluded to treat these informalities and irregularities as waived.

Defendants in error urge that an allowance of solicitor's fees to be taxed as costs is discretionary with the court, and cite Askee v. Springer, 111 Ill., 662, in support of their contention. The court in its opinion in that case had in contemplation costs provided by the statute and ordinarily taxable, and not solicitor's fees. Defendants in error also cite and apparently rely on a number of other cases, an examination of which discloses that they relate to taxable costs under the statute and not to solicitor's fees. Solicitors' fees cannot be ordered and taxed as costs at the discretion of the trial court, as urged by defendants in error, but only when authorized by statute, and there is no statute providing for ordering solicitor's fees and taxing them as costs in will contests.

In Wilson v. Clayburgh, 215 Ill., 506, the court said, "It has been repeatedly held in this state, that nothing can be allowed and taxed as costs by the clerk or the court but items of cost designated by the statute to be so allowed and taxed. (Constant v. Matteson, 22 Ill., 546; Strawn v. Strawn, 46 Ill., 412; Eimer v. Eimer, 47 id., 373; Conwell v. McCowan, 53 id., 363; Campbell v. Campbell, 63 id., 502; Roby v. Chicago Title and Trust Co., 194 id., 228; Rieker v. City of Danville, 204 id., 191.) The only exception to this rule in this State is in cases brought by trustees for the construction of wills, where a will is so

ambiguous as to make it necessary to go into a court of chancery to obtain a construction thereof, in which class of cases the costs of the litigation must be borne by the estate. (Woman's Missionary Society of America v. Mead, 131 Ill., 338; Ingraham v. Ingraham, 169 *id.*, 432; Arnold v. Alden, 173 *id.*, 229.)" This suit was not for the construction of a will claimed to be ambiguous, but a proceeding to set aside a will, and, in the absence of a statute providing for the allowance of solicitor's fees in such cases, the order of the court allowing solicitor's fees was improper.

Plaintiffs in error were nonresidents and served by publication. Plaintiff in error, Louisa Hindes, was defaulted. She was not personally before the court and no personal judgment could therefore be properly rendered against her, nor execution awarded for the deficiency. The notice of publication only enabled the court to give effect to the proceedings so far as it was one *in rem.* Harris v. Pullman, 84 Ill., 20; Town of Virden v. Needles, 98 Ill., 366; Bickerdike v. Allen, 157 Ill., 95.

The decree directed that the allowance of solicitors' fees be paid direct to H. H. McDowell and C. C. and L. F. Strawn. If an allowance of solicitor's fees had been proper, the order should have directed it to be paid to the parties to the suit who had incurred the liability for solicitor's fees.

Plaintiffs in error were nonresidents, were served by publication only, and Louisa Hindes did not employ solicitors, and we know of no rule of law by which she can be called upon to pay or contribute to fees of solicitors employed by others. There was no compulsion on her to defend. It is insisted, however, by defendants in error that this is like a case where all owners of a common estate are in law bound to contribute to a lawful charge thereon, such, for instance, as a mortgage placed upon his land by a testator and remaining unpaid at his death. We see no similarity in this illustration. Plaintiffs in error were all heirs at law of the deceased. They would have inherited if the will had been set aside. They may have been indifferent to the result of the contest of the will. It is evident that Louisa Hindes was not

enough interested to appear and employ attorneys. The solicitors who obtained the order for fees were employed by certain of the defendants. Their services or the compensation therefor are a matter of contract. Those who hired them are liable for the contract price, if there was a contract, or, in the absence of contract, for the reasonable and customary fee for such services. Plaintiff in errror Louisa Hindes did not hire them and is not liable to them, and if plaintiff in error Myron G. Norton joined in hiring them he is liable only on his express or implied contract.

The decree for solicitors' fees and costs is therefore reversed.

*Reversed.*