DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1921.

Frank Bevier and David Sterling Bevier, Plaintiffs in Error, v. M. L. Hay, Trustee, Defendant in Error.

### Gen. No. 6,895.

1. WILLS—*when solicitor's fees not allowed in proceeding to terminate spendthrift trust.* A bill in equity by the beneficiaries of a spendthrift trust created by the will of their father which prays the termination of such trust and does not ask the construction of the will does not require its construction so as to entitle plaintiffs to solicitor's fees taxed in their favor as a case calling for such construction.

2. TRUSTS—*when spendthrift trust not terminated.* A spendthrift estate will not be terminated at the instance of the beneficiaries where there are no averments that conditions under which it may be terminated have arisen, and the answer shows that the plaintiffs are still addicted to the excessive use of intoxicants, which was the reason for the creation of the trust.

3. JUDGMENTS—*when decree binding in subsequent proceedings.* Where no objection is made to a decree in equity and no appeal is taken, all parties thereto are bound by the decree and are estopped by the adjudication of rights and interest thereby made.

4. JUDGMENTS—*when construction of will in partition proceedings binding in proceeding to construe will.* Where a will created

(1)

a trust in certain lands in favor of two sons of testator and thereafter partition proceedings were brought in which the rights of all of the parties under the will were determined and the property was sold and the proceeds distributed, the sons cannot thereafter, in a proceeding to terminate the trust, ask for a construction of the will, since they are bound by the construction in the partition proceeding to which they were parties.

Error to the Circuit Court of Stark county; the Hon. C. V. MILES, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed April 13, 1921.

T. W. HOOPES and F. B. BRIAN, for plaintiffs in error.

JOHN W. FLING, JR., for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

Frank Bevier and David Sterling Bevier, the plaintiffs in error, filed a bill in equity in the circuit court of Stark county to terminate a trust estate provided for in the will of their father, Mordecai Bevier, deceased. The averments in the bill are to the effect that the testator died seized in fee simple of a 60-acre tract, and an 80-acre tract of land in Stark county; also another small tract of land; that the will, including a codicil added thereto, was admitted to probate in the county court of Stark county; and that in accordance with the provisions of the will and codicil, Minnie M. Bevier Austin was appointed a trustee by the circuit court of Stark county, of the shares of the plaintiffs in error, Frank Bevier and David Sterling Bevier, who are devisees by the terms of the will and codicil. A bill for partition of lands in question was afterwards filed in the circuit court of Stark county, and a decree rendered in accordance therewith, for the partition of the lands referred to, which decree also fixed and determined the rights and interests of the parties. Commissioners were appointed under the decree, and upon their report that said lands were

not susceptible of partition without prejudice to the parties in interest, a decree for sale by the master was entered, and the lands were thereupon sold at public sale by the master; and thereafter the proceeds of the sale distributed by the order of the court, and in accordance with the interests of the parties as fixed by the decree of partition. Under the order for distribution, Minnie Bevier Austin, as trustee for Frank Bevier, received the sum of $4,613, and received the same amount as trustee for David Sterling Bevier, these amounts being the two-sevenths interests of the parties named in the net proceeds of the sale. The trustee had also previously received from the executor of the Mordecai Bevier estate, $999.56, as trustee for Frank Bevier, and a like amount as trustee for David Sterling Bevier. It appears also from the averments in the bill that the defendant in error M. L. Hay succeeded Minnie M. Bevier Austin as trustee, and that she turned over to her successor all the moneys received by her as trustee; and that Hay as trustee has invested the money in notes secured by mortgage, and at the time of the filing of the bill was holding such notes and mortgages as successor in trust to said Minnie Bevier Austin. The plaintiffs in error aver in the bill that Minnie M. Bevier Austin, as trustee for the plaintiffs in error, became seized in fee simple of an undivided two-sevenths interest in the lands of the deceased testator; and that by the terms of the will the equitable fee simple title to the undivided two-sevenths interest held by the trustee vested in them, and that therefore they are entitled to have the legal title conveyed to them by the trustee; also that they are the absolute owners of the money arising from the sale of said lands; and are entitled to have such money paid over to them, or to have the notes and mortgages in the hands of the trustee transferred to them by the trustee, and pray for a decree to that effect. They also pray that they may be allowed a reasonable attorney's fee for their solicitor, to be paid out of the

trust funds and notes in the hands of the successor in trust and defendant in error; and that the defendant in error be authorized to sell sufficient of them to pay said attorney's fees and to pay the costs incident to this bill; also pray that the trust created by the will may be terminated. The defendant in error filed an answer to the bill substantially denying the averments of the bill in reference to the interests of the parties, and their legal right to terminate the trust; also averring that both of the plaintiffs in error were still addicted to the excessive use of intoxicating liquors, which was the occasion for creating the trust; and denying their right to have the trust funds transferred to them. The answer also avers that the decree rendered in the partition proceedings, to which the plaintiffs in error were parties, adjudicated all questions concerning the interests of the parties in the land involved.

A hearing was had upon the bill and answer before the chancellor and, upon the hearing, the bill was dismissed for want of equity. This writ of error is prosecuted from the order dismissing the bill.

It is contended by the plaintiffs in error that the court should have entered a decree construing the will instead of decreeing its dismissal; and that the plaintiffs in error were entitled to have solicitor's fees taxed in their favor, because this is a case calling for the construction of a will. We are of opinion that the bill was properly dismissed. It is apparent from the averments contained therein that its real purpose is not to have the will in question construed, but to have the trust provided for by the will terminated, and it does not pray for a construction of the will. The trust created by the will is a spendthrift trust created for the benefit of the plaintiffs in error. *Wagner v. Wagner,* 244 Ill. 101; *Bennett v. Bennett,* 217 Ill. 434; *Hartley v. Unknown Heirs of Wyatt,* 281 Ill. 321. There are no averments in the bill to the effect that the conditions

under which the trust may be terminated have arisen; on the other hand, the answer states the fact to be that the plaintiffs in error are still addicted to the excessive use of intoxicating liquors. There was therefore no legal justification for terminating the trust, and it could not be terminated in this way. *Anderson v. Williams*, 262 Ill. 308. In reference to the contention of the plaintiffs in error concerning the necessity for construction of the will, it must be pointed out that the interests of the plaintiffs in error were fixed and adjudicated in the partition proceedings referred to, which involved whatever construction was necessary to fix the rights and interests of the parties. To these proceedings the plaintiffs in error were parties defendant. No objection was made by them to the decree rendered, and no appeal was taken from the decree. All parties to the partition suit are bound by this decree, and are estopped by the adjudication of the rights and interests thereby made. "Decrees of courts of chancery, in respect to matters within their jurisdiction, are as binding and conclusive upon the parties and their privies as are judgments at law." *Knobloch v. Mueller*, 123 Ill. 554.

In the case of *Hanna v. Read*, 102 Ill. 596, the Supreme Court said in passing on the same question here presented: "Whether the adjudication relied on as an estoppel goes to a single question, or all the questions involved in a cause, the fundamental principle upon which it is allowed in either case is, that justice and public policy alike demand that a matter, whether consisting of one or many questions, which has been solemnly adjudicated by a court of competent jurisdiction, shall be deemed finally and conclusively settled in any subsequent litigation between the same parties, where the same question or questions arise." See also, *Silurian Oil Co. v. Neal*, 277 Ill. 45; *Chicago Title & Trust Co. v. National Storage Co.*, 260 Ill. 485; *City of Chicago v. Partridge*, 248 Ill. 447; *Voorhees v.*

*Chicago & A. R. Co.*, 208 Ill. App. 86. It is obvious therefore that the plaintiffs in error are not entitled to have another construction of the same will which was involved in the partition proceedings, and that they were not entitled to have any solicitor's fees taxed. The decree dismissing the bill was proper, and it is affirmed.

*Decree affirmed.*