| 158 | 209 |
|-----|-----|
| 209 | 187 |

MATILDA MAY

*v.*

JETTA MAY.

*Filed at Ottawa October 11, 1895.*

EVIDENCE—*what degree of evidence will show a deed absolute on its face to be a mortgage.* Evidence to convert a deed absolute upon its face into a mortgage must be clear and decisive, and loose, indefinite and inconclusive evidence is insufficient.

*May* v. *May,* 55 Ill. App. 488, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. WILLIAM G. EWING, Judge, presiding.

This was a proceeding in equity to set aside an absolute deed, and have the same declared to be but a mortgage.

The circumstances, about which there is no controversy, under which the deed was made, were in part as follows: The claim of Matilda May is, that the quit-claim deed referred to was executed for the purpose of securing Jetta May for the advancement of certain moneys to redeem the premises from a prior foreclosure sale. The appellee claims that the quit-claim deed to her is an absolute conveyance of the property in consideration of her agreement to marry Louis May, the son of the appellant, and subsequent fulfillment of such agreement by actual marriage.

On May 2, 1891, Matilda May, appellant in this court and complainant in the court below, was the owner in fee simple of the following described real estate situated in the city of Chicago, county of Cook and State of Illinois, to-wit: Lots 10 and 12 in O. M. Wells' subdivision, etc., being further known as Nos. 373 and 377 Forty-second street, in the city of Chicago. Upon each of these lots was erected a two-story dwelling house. At that time each place was subject to a first mortgage of $3250, and a second purchase money mortgage for $600. Previous to May 2, 1891, foreclosure suits had been commenced to foreclose a second mortgage upon each of the lots, which foreclosure suits resulted in a master's sale on June 11, 1891, of each of the places to Daniel H. Tolman, to whom a master's certificate of sale was issued on each lot, the purchaser or his assignee being entitled to receive a master's deed on September 12, 1892, unless previously redeemed. During all the time of these foreclosure proceedings one Louis May, aged about thirty-four, the son of Matilda May, appellant, was attentive to the appellee in this case, whose name was then Jetta Wachtel, and who was a widow.

On September 30, 1891, the appellant, Matilda May, and her husband, Joseph May, went to the office of Ashcraft & Gordon, attorneys in the city of Chicago, and there signed and acknowledged a quit-claim deed of the premises above described to the appellee, Jetta Wachtel, and on the day following, October 1, 1891, a quit-claim deed was delivered to the appellee, and afterwards, on the same day, she and Louis May were married, and on the day following that, October 2, 1891, the quit-claim deed was filed for record in the recorder's office. Immediately following the marriage and the delivery of the deed, the possession of both of the houses in question was turned over to the appellee, Jetta May, and she and her husband, Louis May, commenced to live in one of the houses and to receive the rents from the other, and they

continued so to do up to the time of the hearing of this case.

On February 2, 1892, each of the lots in question was redeemed from a master's sale made under the second mortgage, in the name of and for Jetta May, the appellee. As stated in the certificate of redemption, the money for such redemption, $1640, was furnished by the appellee, Jetta May. On September 6, 1892, the first mortgage of $3250 on each of the lots came due, and new notes and mortgages for the same amounts were executed by appellee, Jetta May, for the purpose of taking up the old mortgages and renewing the loan.

On March 3, 1893, the appellant, Matilda May, filed her bill of complaint herein, seeking to set aside the quit-claim deed made by her to appellee so far as the same appeared to be an absolute deed of conveyance, and to have the same declared to be a mortgage. The court below found the issues for complainant, and entered a decree declaring that the quit-claim deed above referred to was not intended as an absolute conveyance of the premises, and the complainant below was entitled to have the premises reconveyed to her by the defendants below, Jetta May and Louis May. The complainant insists that she conveyed these premises upon an understanding with the defendant, Jetta May, (then Jetta Wachtel,) that the latter should redeem the same from the sale upon the second mortgage, pay off the first mortgage, and when she got her money back would reconvey the premises to complainant. Defendant (then Jetta Wachtel, now Jetta May,) denies that there was any understanding that she would ever, under any circumstances, reconvey the premises, and says that they were given and conveyed to her in consideration of marriage. The property consists of two houses. The witness for complainant testified that these houses were, September 30, 1891, worth $7000 to $7500 each. Witness for the defendant testified that they were worth in October, 1891, $6000 each.

BLUM & BLUM, for appellant.

MANN, HAYES & MILLER, and JAMES R. MANN, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In its opinion disposing of this case, the Appellate Court says:

"While the interest of the complainant in the property was, when she conveyed the same to appellant, one which probably could have been sold for some money, it is manifest that as a pure matter of business no person would then loan to the complainant anything upon the security of these houses. That marriage is a good consideration is undisputed. The principal question of law involved in this case is what kind and amount of evidence is required to convert a deed absolute upon its face into a mortgage, —a mere security. That such evidence must be clear and decisive, and that loose, indefinite or inconclusive evidence is insufficient, is well established. *Sutphen* v. *Cushman*, 35 Ill. 186-193; *Knowles* v. *Knowles*, 86 id. 1; *Wilson* v. *McDowell*, 78 id. 514; *Low* v. *Graff*, 80 id. 360; *Sharp* v. *Smitherman*, 85 id. 153; *Bentley* v. *O'Bryan*, 111 id. 53-61; *Helm* v. *Boyd*, 124 id. 370.

"In *Sutphen* v. *Cushman*, 35 Ill. 186, the court, speaking of a conveyance absolute upon its face, say: 'The right to redeem lands so conveyed cannot be established by simply proving that such was the understanding on which the deed was executed, because equity, as well as the law, will seek for the understanding of the parties in the deed itself. The right must be one paramount to and independent of the terms of the deed, as well as of any understanding between the parties at the time it was executed.'

"The evidence in the present case, given on behalf of the complainant, that the quit-claim deed given to Jetta

May was received by her as well as given by the complainant as a mortgage only, a mere security for money that she might thereafter advance, is far from being clear or decisive."

After a full discussion of the evidence on both sides, which need not be here repeated, but may be found in *May* v. *May,* 55 Ill. App. 488, the opinion of the Appellate Court closes as follows:

"Substantially all the material testimony from disinterested witnesses sustains the position of the defendant. The circumstances surrounding the transaction are in entire accord with such position, while the evidence for the complainant in nowise is equal to the requirement of the law. An absolute conveyance cannot be set aside and turned into a mere security for disbursements made after the deed was executed, upon evidence such as the complainant had produced in this case, when such evidence is overturned by so great a preponderance as here appears. We are not unmindful that the chancellor who sees and hears the witnesses is better able to judge of their credibility than a reviewing court can be, but it is not in this case a matter of mere credibility of witnesses that is to be considered; it is rather the character—the substance—of the testimony, be the witnesses ever so credible. That character—that substance—in this case, in the face of the undisputed facts, comes far short of being of that clear and convincing nature the law requires shall be produced ere an absolute conveyance is thereby pronounced to be but a mortgage. The decree of the Superior Court is reversed, and the bill here dismissed for want of equity."

We concur in the views thus expressed by the Appellate Court, and its judgment is accordingly affirmed.

*Judgment affirmed.*