## Theodore A. Fellows v. T. Howard Fellows et al.

1. SOLICITORS' FEES—*Under a Stipulation in Proceedings for Partition.*—Where it is stipulated in a partition case that the court shall allow a reasonable fee for a guardian *ad litem* of an infant defendant, to be taxed as costs, the court can only allow for services actually rendered for the infant in that cause, and not for legal services rendered to the minor and his regular guardian in other causes and courts, even if such other services have been valuable to the minor.

2. SAME—*When $400 is Unreasonable.*—Four hundred dollars is held to be an unreasonable allowance for a guardian *ad litem* under the facts of this case.

**Partition.**—Appeal from the Circuit Court of McHenry County; the Hon. CHARLES E. FULLER, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed June 8, 1900.

C. P. BARNES, attorney for appellant.

Section 6, chapter 22, R. S., after providing for the appointment of the guardian *ad litem* in chancery proceedings, provides as follows :

" And he shall, moreover, be allowed a reasonable sum for his charges as such guardian, to be fixed by the court, and taxed in the bill of costs."

Under the statute above mentioned the court should have ordered any fee allowed to the guardian *ad litem* to be paid out of said minor's estate. Wilbur v. Wilbur et al., 138 Ill. 446; Hutchinson v. Hutchinson et al., 152 Ill. 347; Ames v. Ames et al., 151 Ill. 280.

The guardian *ad litem* is not entitled to any allowance whatever for any professional services rendered by him as such guardian *ad litem*. Perry on Trusts, Sec. 904; Willard v. Bassett, Admr., 27 Ill. 37; Hough v. Harvey, 71 Ill. 72; Cook v. Gilmore, 133 Ill. 139.

GEO. W. FIELD, attorney for David R. Joslyn, guardian *ad litem* of T. Howard Fellows.

MR. JUSTICE DIBELL delivered the opinion of the court.

In a partition suit the court below allowed David R.

Joslyn a fee of $400 for his services as guardian *ad litem* for T. Howard Fellows, a minor defendant, to be taxed as costs; and Theodore A. Fellows, the complainant, who is liable for part of the costs, appeals from said order.

After said minor was brought into court in said partition suit, Frank R. Jackman was appointed his guardian *ad litem* in 1897. He acted in that capacity till after a decree of partition had been entered and a decree of sale, and a sale had been had and vacated, and a second sale had been had and confirmed, and deed executed and delivered. He was allowed $5 for his services. At said second sale Theodore A. Fellows purchased the premises involved in said suit for $4,860 and afterward made a contract to sell them to Sidney Wanzer at $11,880. In December, 1898, Wanzer employed Joslyn (who is an attorney) to examine the title, and he examined it for Wanzer with special reference to the question whether the rights of the minor had been cut off by the partition sale. There were certain complications in the case growing out of a trust created by the will of the deceased ancestor of the parties. Thereafter, still in December, 1898, Theodore A. Fellows and Wanzer made a further contract that a bill should be filed to perfect the title, and that the former should pay Joslyn $100 for his services in assisting to prepare the bill and clear the title. In January, 1899, the County Court of McHenry County appointed Eben B. Weeks guardian for T. Howard Fellows, and Joslyn acted as attorney for Weeks in procuring said letters of guardianship, and in all that Weeks thereafter did as guardian. On January 16, 1899, the court in the partition suit removed Jackman as guardian *ad litem*, and appointed Joslyn in his place. On May 5, 1899, Joslyn, in the name of Weeks, the guardian, filed an original bill in equity against Theodore A. Fellows and Wanzer, attacking all the proceedings in the partition suit.

What Joslyn did in the partition case as guardian *ad litem* was to file on May 27, 1899, a petition asking to have the sale set aside, which petition was a substantial copy of the original bill he had previously filed for Weeks, the

guardian. He afterward filed a short amendment to said petition and attached thereto five short affidavits. He testified he also prepared a very extensive brief which was not submitted to the court, and a brief on a single point which was submitted. This was all he did as guardian *ad litem*.

In December, 1899, Theodore A. Fellows, and Weeks, as guardian of T. Howard Fellows, with the consent of the County Court settled the differences between them, and stipulated for the entry of an order in the partition suit withdrawing all petitions and objections to the sale, directing that the moneys of T. Howard Fellows remaining in the hands of the master be paid to his guardian and that the order allow " to D. R. Joslyn a reasonable fee as guardian *ad litem* herein, to be taxed as costs."

Appellant argues that the reasonable and proper fee of the guardian *ad litem* of an infant defendant can not be taxed as costs and paid out of the fund, but should be paid out of the estate of the infant. But the stipulation authorized it to be taxed as costs in this case; and section 40 of the partition act requires the costs to be equitably apportioned among the parties.

The allowance of $400 to Joslyn was either intended to compensate him for all his services as solicitor for the minor and for the regular guardian in the matters we have referred to, or it was grossly unreasonable. Only his services as guardian *ad litem* in this suit can here be allowed. Those services were that he copied a bill he had previously filed as attorney for the regular guardian, and made of such copy a petition in this cause to vacate the sale, and he drew five short affidavits and prepared a very extensive brief which he did not submit to the court, and which did not therefore avail in this case, and a brief on a single point which was submitted. There was no hearing of said petition and no proceedings under it. Theodore A. Fellows, who must bear a share of the costs, can not (by reason of anything contained in the stipulation) be required to assist in paying for legal services rendered to the minor or his guardian in

said other matters, no matter how valuable and successful they may have been, but only for the ordinary reasonable fee for a guardian *ad litem* for what was actually done in this case.

The order will be reversed and the cause remanded, and the costs of this court will be adjudged against David R. Joslyn, the only party interested in defending the order.

Reversed and remanded.