Joseph S. Babcock, Appellant, v. Joseph S. Babcock, Jr., et al., Appellees.

## Gen. No. 5,696.

1. MORTGAGES—*evidence to establish.* It requires clear and decisive evidence to convert a deed absolute on its face into a mortgage.

2. WILLS—*who may attack.* One who accepts an interest conveyed to him by will cannot defeat the will in any other respect.

3. MORTGAGES—*bill to have deed declared a mortgage.* Where complainant conveys property to his mother by a deed absolute in form and afterwards accepts a life interest conveyed to him by her will and acts as guardian for his children to whom the fee is devised, he is estopped to deny the validity of the will and a bill to have the deed declared a mortgage is properly denied for want of equity.

4. INFANTS—*fees of guardian ad litem.* On a bill to have a deed declared a mortgage, an allowance of $500 to the guardian *ad litem* as solicitor for minor defendants charged against unsuccessful complainant as costs will be reversed and cause remanded with directions to allow a fee of $25.00, two-thirds of cost to be taxed against complainant and one-third against defendants.

Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the June term, 1912. Affirmed in part, reversed in part and remanded with directions. Opinion filed March 12, 1913.

A. C. NORTON and F. A. ORTMAN, for appellant.

JAMES T. TERRY, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee filed a bill to have a deed declared a mortgage and to redeem therefrom. He alleged that in 1901 he owned certain real estate in Livingston county; that on April 29, 1901, he deeded the same to his mother, Mary O. Babcock; that, though this was a deed absolute on its face, yet it was intended only as security for the repayment to his mother of $2,995.50 which he then borrowed from her; that on January 4, 1903, his mother died leaving a last will, which was admitted to probate and a copy of which was an exhibit to the bill, which will gave to appellant the use for life of the lands he had deeded to her, with remainder in fee to the children of appellant, share and share alike; that his children at that time were Mary, Joseph, Bertha and Edward; that Mary thereafter deeded to appellant her interest in said lands. In the bill appellant offered to pay the amount of said loan and interest and asked a decree that the deed might be set aside. All of appellant's children, except Mary, were minors, and they answered by a guardian *ad litem,* denying the facts charged in the bill and alleging laches and the Statute of Limitations and setting up by way of estoppel his various acts after the death of his mother. The cause went to the master, who took and reported the proofs, with his findings in favor of the defendants. Objections thereto were ordered to stand as exceptions before the court and they were overruled and the bill was dismissed for want of equity, with costs, including a fee of $500 to the guardian *ad litem.* Complainant appeals from that decree and argues that it is wrong on the merits and that the allowance of said guardian *ad litem's* fee against him as costs is erroneous.

Appellant proved that in April, 1901, his mother borrowed $3,000 from D. S. Myers and secured it upon real estate owned by her and, after a deduction of a small sum for the continuance of an abstract and for

recording, caused $2,995.50 to be deposited in the bank on April 26, 1901, to the credit of appellant, and that Mary O. Babcock then told Myers that she was getting the money for appellant and that he was securing her. Mary Babcock, appellant's adult daughter testified that the fall before her grandmother died and when the witness was 12 years old, her grandmother told her that appellant had borrowed about $3,000 and deeded the farm to her for security; that she was not to deed it back to him till he paid the money, but was to deed it back to him if he paid the money; and that, in another conversation, a little later, between her father and her grandmother, appellant asked his mother when she would deed the land back to him and she replied, "When you pay the $3,000 I will deed it back to you." May Babcock a sister of appellant, testified that she remembered of appellant deeding his farm to their mother in 1901; that some time afterwards her mother said that appellant would have to pay that mortgage, that $3,000; that she would not deed the land back to him till he paid her back the $3,000. In addition to this it seems to be conceded that appellant continued in possession of said farm after the making of said deed, though we find no testimony to that effect.

The facts upon which appellees rely include the following: It is not claimed that appellant gave his mother any note for $3,000 or $2,995.50 or any other sum. The consideration named in the deed was one dollar only. On the same day that the deed was drawn and executed, Mary O. Babcock caused to be prepared and executed the will in question, in which she described this real estate and gave a life interest therein to appellant and the fee to his children, and it was stipulated that the deed and the will were both drawn by the same attorney. There were mortgages upon this land and there are some things in the record which tend to show that appellant was owing other parties, who had sued him or were liable to do so, and

the fact that the deed and will were prepared on the same day in the same office by the same lawyer tend to show that this was a family arrangement or settlement to protect appellant's children as against future indebtedness which he might incur. The will which gave him a life interest in this land and the fee to his children, named him as executor, and the will was probated upon his petition and in that petition he stated under oath that his mother died seized of real estate valued at about $45,000, and incumbered for about $14,000 which statement appears to have been based mainly upon her title to this real estate. Thereafter he filed a petition in the County Court under his oath, in which he stated that his four children were then minors and that they had no property except this real estate (describing the same real estate he had deeded to his mother), and that appellant had the possession and use thereof during his life and that it was incumbered for about $8,500 or $9,000. Upon this petition he was appointed their guardian on July 13, 1903. On July 14, 1903, he filed his petition under oath in said guardianship proceedings, wherein he stated that his said four children were owners of the real estate in question, subject to the life estate of appellant; that they derived their interest in said real estate by the last will of Mary O. Babcock, and that Mary O. Babcock derived title to said lands by deed from appellant; that there was a certain incumbrance upon said land, made by appellant when he was the owner thereof, which was still unpaid, and that, by paying all past due interest and a certain commission, an extension for five years could be obtained. He further set up two other incumbrances which he executed upon said land when he was the owner, which would be foreclosed if not paid, and also certain notes of Mary O. Babcock, which were due and unpaid and which there was not sufficient personal property to pay, and that he was not able to maintain his said wards; that he was willing

to join in the execution of a mortgage for a sufficient sum to pay all matured indebtedness; and he asked for authority to arrange for an extension of the first incumbrance and to execute a second incumbrance for a sum sufficient to discharge the other debts. On that petition an order was entered giving him authority as guardian to make said arrangements. On October 19, 1903, he filed another petition in said guardianship matter under his oath, in which he again alleged that his children owned this land subject to his life estate, and that they had derived their title from the will of Mary O. Babcock and that she derived her title from appellant, and that, after the obtaining of the former order, he found that he could not make the arrangement at the rate of interest which he was therein permitted to pay, and he set up further debts incurred by him while he owned said lands, and before he conveyed them to Mary O. Babcock, and that they had been put in judgment against him and that the only consideration for his deed to Mary O. Babcock was one dollar and that one of said judgment creditors was threatening to file a creditor's bill and have said conveyance set aside that he might take the land for the payment of his judgment, and that appellant was willing to execute a mortgage personally and as guardian for a sum sufficient to pay all said debts. Under date of February 26, 1909, he filed in the guardianship matter another petition under his oath, in which he set out again the deed to his mother and her will, and he asked for further authority concerning said debt. He had orders conformable to these various petitions. Pursuant to these orders appellant in his own right and as guardian of his minor children, executed incumbrances upon said land, one of which professed to be made by virtue of said orders. Thereafter, on September 6, 1911, he filed this bill.

It requires clear and decisive evidence to convert a deed absolute on its face into a mortgage. May v.

May, 158 Ill. 209. One who accepts an interest conveyed to him by will cannot seek to defeat the will in any other respect. Appellant in the petitions above referred to asserted that he was the owner of a life estate in these lands by virtue of his mother's will, and he therefore cannot be heard to dispute the title conveyed to his children by the same will. Cunningham v. Daugherty, 220 Ill. 45. We are also of opinion that since, in the guardianship proceedings referred to, appellant asserted the validity of his deed to his mother as an actual conveyance of the land to her in fee and asserted the validity of her will, whereby she gave appellant a life interest and his children the fee in the same lands, he is now estopped, after the lapse of more than ten years from the making of the deed, to be permitted to redeem from said deed as a mortgage, under the principles laid down in Ferns v. Chapman, 211 Ill. 597, 609. We therefore conclude that the court properly dismissed the bill for want of equity, regardless of the question whether the Statute of Limitations would bar the relief sought.

The proof showed that the allowance of $500 to the guardian *ad litem* was for services he rendered as solicitor for the minor defendants. Nothwithstanding the expression in Wilson v. Clayburgh, 215 Ill. 506, which case really involved a different question, namely the allowance of a fee out of a trust estate to a solicitor for a complainant in a bill in equity concerning the trust, we consider Hutchinson v. Hutchinson, 152 Ill. 347, conclusive that such services cannot be charged as costs against an unsuccessful complainant. The reasons stated in that opinion need not be repeated here. We announced the same conclusion in Fellows v. Fellows, 89 Ill. App. 482. See also Gagnon v. Burton, 107 Ill. App. 506.

The decree is affirmed, except as to the allowance to the guardian *ad litem,* and that allowance is reversed, and the cause is remanded with directions to

allow the guardian *ad litem* a fee of twenty-five dollars. Two-thirds of the costs of this court will be taxed against appellant and one-third against appellees.

*Affirmed in part, reversed in part, and remanded with directions.*