Leslie Anderson, Plaintiff-Appellant, v. Frank Combs, et al., Defendants-Appellees.

Gen. No. 61–F–12.

Fourth District.

June 26, 1961.

Rehearing denied September 29, 1961.

Frank H. Walker, of Mt. Vernon, and Loy & Ziegler, of Fairfield, for appellant.

Marshall, Feiger & Robison, of Fairfield, and Jay B. Stringer, of Mt. Vernon, for appellees.

SCHEINEMAN, J.:

This is an action to have a deed declared a mortgage, and for an accounting and reconveyance of the premises. Plaintiff had executed a deed to defendant,

and received an exclusive option to repurchase the property in ninety days. Plaintiff contends that these documents and other circumstances evidence a loan transaction, rather than an absolute conveyance. After hearing the evidence, the chancellor found for the defendant and entered a decree in his favor.

Much of the testimony is conflicting, but certain facts are conceded or established by overwhelming weight. These will be recited for consideration in view of the following rules of law:

■ This is an effort to give to legal documents, signed by the parties, a meaning contrary to their plain import. Under exceptional circumstances, this may be done, but the proof that a deed was intended as a mortgage must be clear, satisfactory and convincing. There must be proof of a valid debt with a maturity, and with reciprocal rights, i. e., the right of the grantor to pay and redeem, and the right of the grantee to demand and enforce payment. Robison v. Moorefield, 347 Ill App 508, 107 NE2d 278; Third National Bank of Mt. Vernon v. Norris, 331 Ill 230, 162 NE 829; Council v. Bernard, 319 Ill 392, 150 NE 272; Caraway v. Sly, 222 Ill 203, 78 NE 588; May v. May, 158 Ill 209, 42 NE 56. 27 ILP Mortgages, Sec 33 et seq.

We find the following essential facts: Plaintiff was in financial difficulties. His mother had deeded the property to a man named Gregory with a contract to repurchase. Later she died and plaintiff incurred a funeral bill to defendant Combs of $517. Combs was pressing for payment of that bill, and Gregory had filed a suit in which this plaintiff was a defendant and counterclaimant, and that suit was being pressed. Through his attorney a settlement was negotiated whereby Gregory would accept $4750 and dismiss the suit.

Plaintiff and his attorney made several attempts to borrow from banks on a mortgage, but were unsuc-

cessful. The attorney and Combs both testified that Combs was also asked to loan the necessary funds but Combs refused. Plaintiff denies this, but admits the efforts to borrow at banks. Finally, Combs was induced to advance the money and take a deed from plaintiff, giving an option to repurchase in ninety days for the amount paid out by Combs, itemized as follows:

| | |
|---|---|
| To pay amount of settlement in Gregory case | $4750.00 |
| To pay attorney's fees and expenses | 477.25 |
| To pay three months interest on Combs loan | 75.00 |
| To pay Combs funeral bill for plaintiff's mother | 517.00 |
| | $5789.25 |
| Less $20.00 paid on option | 20.00 |
| Balance | $5769.25 |

Combs borrowed $5000 at a bank to finance the settlement, and included the interest so he would lose nothing if plaintiff exercised his option. The credit of $20 was given because plaintiff paid that amount to Combs in cash for the option. Thus, if plaintiff exercised his option, Combs would realize neither a profit nor a loss.

The papers were executed March 4, 1953. Plaintiff admits that thereafter, Combs received the landlord's share of the crops. Combs also paid $217 taxes on the property. When plaintiff failed to exercise the option in ninety days, Combs began making efforts to sell the property and finally sold it in June, 1954, to defendant Hertenstein for $6400.00. This suit was filed May 10, 1955.

Plaintiff testified he valued the property at $10,000. Other witnesses made widely varying appraisals all

the way from $4800 to one witness who said $12,000. Considered as of the date of the deed in March, 1953, the higher figures do not appear realistic, in view of the inability of plaintiff to obtain a loan on the property from financial institutions. In the Gregory case, this plaintiff's pleading valued the property at $6500.00.

The circumstances that, after the delivery of the deed, Combs assumed control of the property, collected the rents and paid the taxes, are strong indications that the transaction was a sale, not a loan. Moreover, Combs knew of the Gregory lawsuit, involving a contract for repurchase, which suggests a reason for use of the option instead of a contract of sale. Combs had difficulty in collecting from plaintiff a bill for $517. He did not have the money to make a loan, but borrowed $5000.00 to finance the transaction, in which he was making no profit at all, if plaintiff exercised his option. This is so contrary to normal business dealing, that it appears impossible that Combs would have made the deal as a loan. We conclude that plaintiff has failed to sustain his burden of proof, and that his story becomes wholly improbable, in the light of the circumstances.

In Robison v. Moorefield, 347 Ill App 508, 107 NE2d 278 it was said: "This court has repeatedly held that there may be such inherent improbability in the testimony of a witness that neither court nor jury are required to give it any credence, even in the absence of conflicting or contradictory evidence."

The chancellor who saw and heard the witnesses was certainly justified in finding for the defendant, on the evidence before him. The decree is affirmed.

Decree affirmed.

HOFFMAN, P. J., and CULBERTSON, J., concur.