EDMUND FURTHMAN

*v.*

JOHN McNULTA, Receiver.

*Opinion filed October 13, 1899—Rehearing denied December 8, 1899.*

1. APPEALS AND ERRORS—*when record of order appealed from is not sufficient.* The requirement of section 72 of the Practice act, that the record of an order appealed from shall be filed in the Appellate Court by the second day of the term, is not satisfied by filing a certified copy of the order and appeal bond, without the process, pleadings or orders made in the cause; and unless the time for filing the record is extended for cause shown, the attempted appeal is properly dismissed.

2. SAME—*leave to file complete record cannot be had while order dismissing appeal is in force.* While an order dismissing an appeal because of the appellant's failure to file the entire record remains in full force, the court is without power to grant the appellant leave to file the remaining portion of the record.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

EDMUND FURTHMAN, *pro se.*

JAMES M. PROUDFIT, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant sought an appeal from an order entered in the superior court of Cook county in a proceeding instituted on motion of the purchaser of certain premises under a foreclosure decree to obtain a writ of assistance to enable such purchaser to obtain possession of the premises from appellant.

Under the provisions of section 72 of the Practice act the record of the order should have been filed in the Appellate Court for the First District on the second day of the March term, 1899, thereof. The appellant filed in that court on that day a certified copy of the order entered by the superior court and a certified copy of the appeal bond approved by that court. The record of the order, within the meaning of said section 72, included the process, pleadings, orders of the court, etc., in the cause. (*Vail* v. *Iglehart,* 69 Ill. 332.) That which was filed did not constitute a "record of the order," nor was any motion entered on said second day of the said term for an extension of time, for cause shown, in which to file the record of the order appealed from. On the fourteenth day of April, 1899, no further steps having been taken, the Appellate Court dismissed the appeal. We have frequently ruled that in such state of the record the attempted appeal should be dismissed. (*Adams* v. *Robertson,* 40 Ill. 40; *Cook* v. *Cook,* 104 id. 98; *Patterson* v. *Stewart,* 104 id. 104; *Gadwood* v. *Kerr,* 181 id. 162.) It was not error to deny the motion of appellant, presented after the entry of the order of dismissal, for leave to file the remaining portion of the record. No motion was entered or reason suggested for the vacation of the order of dismissal. That order standing in full force, deprived the court of power to take further action in the case.

The judgment is affirmed.    *Judgment affirmed.*