## HARRIET A. WILSON

### v.

## ALICE WILSON CLAYBURGH.

*Opinion filed June 23, 1905.*

1. COSTS—*costs cannot be taxed unless authorized by statute.* In Illinois nothing can be allowed and taxed as costs by the clerk or the court except items of cost designated by the statute, the only exception being that costs must be borne by the estate where trustees bring suit for the construction of a will which is so ambiguous as to necessitate resort to the courts.

2. SAME—*when complainant's solicitor's fee cannot be allowed as costs.* A court of chancery cannot allow and tax as costs the fee of the solicitor for a beneficiary under a trust created by will, who brings suit to have the resignation of the trustee named in the will accepted and a new trustee appointed, notwithstanding the will provides for the appointment by a court of chancery of a successor in trust to the original trustee. (*Wilbur* v. *Wilbur*, 138 Ill. 446, and *Hutchinson* v. *Hutchinson*, 152 id. 347, explained.)

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This is an appeal, by virtue of a certificate of importance, from a judgment of the Appellate Court for the First District reversing a decretal order of the circuit court of Cook county allowing and taxing as cost a solicitor's fee of $300 for complainant's solicitor, entered in a chancery suit pending in that court, brought to have the resignation of the Illinois Trust and Savings Bank, the trustee named in the will of William G. Wilson, deceased, accepted, and to obtain the appointment of a new trustee in its stead under the provisions of said will.

The bill was filed by the widow, to whom the will directed the trustee to pay an annuity of $100 per month during her life if she remained unmarried, and devised and bequeathed

the remainder of the estate to the Illinois Trust and Savings Bank, as trustee, and its successors in trust to be appointed by a court of chancery, for the use and benefit of the testator's two daughters, one of whom, Alice Wilson Clayburgh, is the appellee. The Illinois Trust and Savings Bank qualified and acted as trustee under said will for a time and then sought to resign, whereupon the bill was filed, making said Illinois Trust and Savings Bank, and the appellee, and Marguerite Wilson, then a minor, defendants.

KREMER & GREENFIELD, for appellant.

JULIUS & LESSING ROSENTHAL, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The only question involved upon this appeal is, can a court of chancery, in the exercise of its equitable jurisdiction, allow and tax as cost the solicitor's fee of the solicitor for a beneficiary under a trust created by a will, who brings a suit to have the resignation of the trustee named in the will accepted and a new trustee appointed in his place? That question, we think, must be answered in the negative. It has been repeatedly held in this State that nothing can be allowed and taxed as costs by the clerk or the court but items of cost designated by the statute to be so allowed and taxed. (*Constant* v. *Matteson*, 22 Ill. 546; *Strawn* v. *Strawn*, 46 id. 412; *Eimer* v. *Eimer*, 47 id. 373; *Conwell* v. *McCowan*, 53 id. 363; *Campbell* v. *Campbell*, 63 id. 502; *Roby* v. *Chicago Title and Trust Co.* 194 id. 228; *Rieker* v. *City of Danville*, 204 id. 191.) The only exception to this rule in this State is in cases brought by trustees for the construction of wills, where a will is so ambiguous as to make it necessary to go into a court of chancery to obtain a construction thereof, in which class of cases the costs of the litigation must be borne by the estate. *Woman's Union Missionary Society of America* v. *Mead*, 131 Ill. 338; *Ingraham* v. *Ingraham*, 169 id. 432; *Arnold* v. *Alden*, 173 id. 229.

It is urged with much earnestness that the same reason obtains in this case for the allowance of a solicitor's fee to complainant's solicitor to be taxed as costs and paid out of the estate, that exists in the case of a bill filed for the construction of a will which is ambiguous. Such has not been the holding of the courts, (*In re Holden,* 126 N. Y. 589,) and this court could not so hold without legislating upon the subject. The question here presented has been before this court in partition suits, (*Strawn* v. *Strawn, supra; Eimer* v. *Eimer, supra; Campbell* v. *Campbell, supra;*) where the litigation often may be as beneficial to the defendant as to the complainant; but the uniform holding has been, in those cases, that the court cannot allow and tax a solicitor's fee in the absence of a statute authorizing it so to do, and the same conclusion has been reached in foreclosure cases. *Conwell* v. *McCowan, supra; Roby* v. *Chicago Title and Trust Co. supra.*

It is also said the deceased made it necessary for the suit to be commenced and the solicitor employed by reason of the fact that he provided in his will a successor in trust to the original trustee should be appointed "by a court of chancery," hence the estate should bear all the cost of the proceeding for the appointment of a successor, which would include a solicitor's fee. That provision made it no more necessary to invoke the aid of a court of chancery to secure the appointment of a new trustee than would have been the case had the will contained no such provision. Equity will never allow a trust to fail for the lack of a trustee, and whenever the office of trustee becomes vacant from any cause whatsoever, a court of chancery will, upon proper application, fill it. *West* v. *Fitz,* 109 Ill. 425; *French* v. *Northern Trust Co.* 197 id. 30.

The solicitors of appellant have cited and relied upon *Wilbur* v. *Wilbur,* 138 Ill. 446, and *Hutchinson* v. *Hutchinson,* 152 id. 347, to sustain their contention. Those cases only go to the extent of holding that a court of chancery

may allow and cause to be taxed as cost a solicitor's fee on behalf of a guardian, *ad litem,* which practice is expressly authorized by statute, (Hurd's Stat. 1903, chap. 22, sec. 6,) and therefore do not control the decision in the case at bar.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*