Henry F. Benton v. The Delta & Pine Land Co. et al.

Gen. No. 12,737.

1. DIMINUTION OF RECORD—*when suggestion of, must be made.* The suggestion of diminution of record and for leave to supplement the "short record" by the filing of a complete transcript, must be made on or before the second day of the term at which it is required that the appeal shall be perfected, and where the practice in this respect has not been observed, a dismissal will follow, notwithstanding the parties to the cause had stipulated to the completion of the transcript.

Bill of interpleader. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Appeal dismissed. Opinion filed November 7, 1906.

JOHN S. GOODWIN and WILLIAM P. BLACK, for appellant; O. W. KELLOGG, of counsel.

ROBERT REDFIELD, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal prosecuted by Henry F. Benton, one of the defendants below, from a decree of the Superior Court entered July 7, 1905, that the defendants interplead pursuant to the prayer of the bill filed by appellee, The Delta & Pine Land Company, on February 17, 1903.

Motions were made by appellees, Susan D. Benton and The Delta & Pine Land Company, to dismiss the appeal, and the motions were reserved to the hearing.

One ground urged in support of both motions is that appellant did not file an authenticated copy of the record and decree appealed from in the office of the clerk of this court on or before the second day of the October term, 1905, of this court, and did not on or before the second day of said October term obtain further time in which to file said record.

More than twenty days intervened between the last day of the July term of the Superior Court at which the decree was entered and the October term 1905 of this court.

What is termed by the clerk of the Superior Court as a "transcript of the short record," consisting of an authenticated copy of the decree, the order allowing the appeal, and the appeal bond, was filed in this court on October 4, 1905. No order was obtained from this court on or before the second day of the October term 1905, extending the time of appellant in which to file the "record of the order" within the meaning of section 72 of the Practice Act, nor was any motion entered for further time in which to bring in and file the remaining portion of the record, on or before the second day of said October term.

On January 5, 1906, on motion of appellant for leave to file an additional record making with the "short record" filed October 4, 1905, a complete record of the case, and upon a stipulation that such order might be made by the other parties to the cause, leave to file the additional record was granted, and the additional record was filed on that day.

On January 18, 1906, and on January 31, 1906, the motions to dismiss the appeal were filed respectively.

We are compelled to hold on the authority of Furthman v. McNulta, 182 Ill. 310, and Thomas v. O'Brien Lumber Co., 185 id. 374, that the appeal has not been perfected in accordance with section 72 of the Practice Act, and that the appeal must be dismissed.

It is insisted on behalf of appellant that the stipulation of appellees that the order of January 5, 1906, might be entered, relieved appellant from the effect of non-compliance with the provisions of the statute as to the time in which a transcript of the record must be filed. With this contention we cannot agree. Upon this question that stipulation has no bearing, and if it had, it cannot be recognized as having any validity.

The statute is peremptory that the appeal shall be dismissed if its provisions are not complied with in reference to filing the record.   Chicago Sash, Door & Blind Mfg. Co. v. Shaw, 39 Ill. App. 260.

We do not think that because the complete record was on file before the making of the motions to dismiss the appeal, these motions are too late, under the practice in this state.   Nor do we think these motions were made too late because not made until the dates named above.

The appeal is dismissed.

*Appeal dismissed.*