DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1923.

Minnie C. Aloe, Appellee, v. Perley Lowe et al., Trustees under the Will of Henry Witbeck, Deceased, Appellants.

## Gen. No. 28,397.

Costs—*solicitors' fees of widow of beneficiary suing for assignment of dower not allowable as costs out of corpus of trust fund.* The widow of a beneficiary who was entitled to a base or determinable fee in certain real estate under the will of the creator of a trust fund is not entitled to an allowance for her solicitors' fees as for costs, payable from the corpus of the trust fund, for services rendered by such solicitors in a proceeding by her in her own right for the assignment of dower, even though the construction of the will of the creator of the trust was incidentally involved in such proceeding, where the existence of the trust was not invoked as a ground for the exercise of chancery jurisdiction, and complainant did not sue as beneficiary under the will, and did not directly seek a construction of the will but relied upon the construction obtained in previous proceedings.

Appeal by defendants from the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1923. Reversed and remanded with directions. Opinion filed October 2, 1923. *Certiorari* denied by Supreme Court (making opinion final).

(538)

**Statement by the Court.** This is an appeal by the trustees under the will of Henry Witbeck, deceased, from an order of the superior court of Cook county, entered February 5, 1923, allowing complainant, former wife of Frank M. Witbeck, the sum of $4,200 (and certain costs) for the fees of her solicitors in a proceeding in chancery brought by her for the assignment of dower under the statute. The court ordered that the sum be taxed as part of the costs of the cause for the services of her solicitors "in connection with the construction of the will of said Henry Witbeck involved in said litigation," and that it be paid by the trustees "from the principal of the trust estate in their possession as trustees under said will."

The said chancery proceeding was commenced on September 8, 1914, against the trustees and others, but complainant did not pray in her bill or petition for a construction of the will. She therein alleged *inter alia:*

"Your petitioner further shows unto the court that Frank M. Witbeck and Henry J. Witbeck, grandsons, and Gertrude H. Witbeck, granddaughter of said testator, Henry Witbeck, under and by virtue of the provisions of said will, became each seized upon the death of said testator of an equitable estate of inheritance, that is to say, of a base or determinable fee in the above described real estate devised by the residuary clause of said will and as well the same estate in all other real estate coming to the hands and possession of said trustees as part of said residue trusts to be held by the trustees appointed in said will as therein appears upon certain trusts for the benefit of said Frank M. Witbeck, Henry J. Witbeck and Gertrude H. Witbeck in equal shares, *as decided by the Supreme Court of Illinois* in the case of *Lombard v. Witbeck et al.,* and recorded in volume 173 of Illinois Supreme Court Reports, page 396, and a life estate in any additions thereto by said trustees purchased with the funds received by them as trustees for such beneficiaries."

The general demurrer of the trustees to the bill was sustained by the superior court and the bill dismissed for want of equity. On appeal to the Supreme Court the decree was reversed on April 19, 1917, and the cause remanded (*Aloe v. Lowe*, 278 Ill. 233). In the opinion then filed the court said (p. 235):

"The questions presented by the pleadings in the lower court and the assignments of error in this court are, first, whether Frank M. Witbeck, under the terms of the will of his grandfather, Henry Witbeck, took a base or determinable fee in any of the real estate held by said trustees, under the residuary clause of the will; and second, whether appellant, as his widow, is entitled to dower in such real estate."

And the court, after stating that the interest which Frank M. Witbeck took in the real estate of his grandfather by reason of the will depended upon the construction to be given to the first, sixth, seventeenth and nineteenth clauses of the will, and after setting out said clauses in full, further said (p. 237):

"This will was before this court in the case of *Lombard v. Witbeck*, 173 Ill. 396. In that suit a bill was filed by the trustees under the will after the death of Henry J. Witbeck for a construction of certain clauses of the said will, including those above mentioned, and for the purpose of ascertaining, among other things, what disposition should be made of the share of the real estate willed to Henry J. by reason of his death without issue, leaving his brother, Frank M. Witbeck, and his sister, then Gertrude H. Grice, him surviving. From the opinion in that case it appears that the lower court found and decreed, among other things, that the share of the real estate of Henry J. Witbeck descended to Frank M. Witbeck and Gertrude H. Grice, as tenants in common, in equal shares, in fee, determinable upon both of said tenants leaving no issue or descendants of issue. * * * From the language of the opinion in that case and the authorities referred to we think it is clear that this court agreed with the holding of the lower

court that the language of the nineteenth clause created a base or determinable fee in Frank M. Witbeck and Gertrude H. Grice in the equitable share of the estate which would have gone to the issue of Henry J. had he died leaving issue.''

And the court, as to the second question mentioned, further said (p. 244):

''Appellant is entitled to dower in an undivided one-half of the one-third portion of the real estate of which her husband, as one of the three grandchilden of Henry Witbeck, was seized of an equitable estate in determinable fee, and she is entitled to recover damages for refusal to assign dower from the time of filing her bill, which may be taken as a demand.''

When the cause was reinstated in the superior court an order was entered overruling the demurrer and requiring the defendants to answer. An answer was filed (afterwards amended) wherein defendants, notwithstanding said holdings in *Aloe v. Lowe,* 278 Ill. 233, denied that Frank M. Witbeck was seized of a determinable fee and averred that he had only a life estate, and further denied that complainant was entitled to dower. It set out a copy of the decree rendered by the circuit court of Cook county (Judge Tuley) on July 16, 1898, in said case of *Lombard v. Witbeck,* in obedience to the mandate of the Supreme Court directing the entry of a decree in conformity with the views expressed in the opinion filed (173 Ill. 396), and defendants relied upon the decree, no proceedings having been taken to reverse it, as an adjudication of the rights and interests of all the parties and as a bar to complainant's claim for dower. Exceptions taken by the complainant to that part of the answer which set forth the decree as a plea of former adjudication were sustained. Three and a half years later, on January 5, 1921, the questions of the yearly value of complainant's dower and the amount of her damages were submitted to a jury,

which returned a verdict assessing the former at $2,000, and the latter at $10,544.38. Thereupon the defendants gave in evidence, over complainant's objection, the record of the circuit court in the case of *Lombard v. Witbeck,* including the pleadings, the mandate upon the reversal of the decree, and the decree entered under the direction of the mandate on July 16, 1898, and the superior court, accepting the view of defendants' counsel as to the effect of the decree of the circuit court, entered a decree which set aside the verdict of the jury and the order sustaining the exceptions to the answer, overruled the exceptions and dismissed complainant's bill for want of equity.

From this decree complainant perfected another appeal to the Supreme Court, where on June 22, 1921, the decree was reversed and the cause remanded with directions to the superior court to enter a decree for complainant for her dower and damages. (*Aloe v. Lowe,* 298 Ill. 404.) In the opinion the court said (p. 405):

"The controversy on this appeal is whether the equitable interest of Frank M. Witbeck under the will of Henry Witbeck in the one-half of the one-third interest in certain real estate devised to Henry J. Witbeck, after the latter's death was a determinable fee or only a life estate. It was held to be a determinable fee in *Lombard v. Witbeck,* 173 Ill. 396, and on a former appeal in this cause (*Aloe v. Lowe,* 278 Ill. 233). * * * (p. 406): The appellant (complainant) contends that the decree of the circuit court in the case of *Lombard v. Witbeck, supra,* is in conformity with the mandate and opinion of the Supreme Court, and that, whether it was or not, the judgment and mandate of the Supreme Court on the appeal from the first decree dismissing the bill in this case precluded the appellees (defendants) from relying in their answer upon a construction of the will at variance with that adopted in *Lombard v. Witbeck.* If either proposition is sustained the other becomes im-

material.  We shall therefore consider the first,
only."

The court thereupon considered at length the first
proposition and decided it in complainant's favor,
saying in part (p. 408):

"The first decree of the circuit court in *Lombard
v. Witbeck, supra,* found and decreed that the share
of Henry J. Witbeck 'should descend to Frank M. Wit-
beck and Gertrude H. Grice as tenants in common,
in equal shares, in fee, determinable upon the death
of both of said tenants leaving no issue or descend-
ants of issue.' This part of the decree was affirmed
by the judgment of the Supreme Court, which re-
versed the decree only as to the matters indicated in
the opinion. Thereupon the circuit court, having con-
sidered the mandate of the Supreme Court, entered
the decree of July 16, 1898, and the decree from which
the present appeal was taken is based upon the propo-
sition that the circuit court, misconstruing the man-
date, rendered a decree contrary to its direction and
contrary to that part of its own decree which had been
affirmed.

"If the decree were to be interpreted merely by a
consideration of certain expressions apparently fa-
vorable to the construction claimed by the appellees
(defendants) and adopted by the superior court in
rendering the present decree there would be force in
the appellees' (defendants') contention. It must be
presumed, however, that it was the intention of the
circuit court, as it was its duty, to observe the man-
date of this court and enter a decree in accordance
with it and not a different decree. The decree which
was actually entered must therefore be considered
with reference to the other parts of the record, the
pleadings, the issues in the case, the former decree
and the mandate, and if it is capable of an interpreta-
tion which will make it correct and consistent with
the mandate which it was the duty of the court to fol-
low, it must receive such interpretation and not one
which would make it erroneous.  * * *  (p. 409):
The decree must be construed in connection with the

fact that the circuit court in its first decree had adjudged that the original one-third belonging to Henry J. Witbeck should descend to the other two grandchildren in equal shares in fee, determinable upon the death of both leaving no descendants; that this court in reviewing the decree agreed with the holding of the circuit court and affirmed the decree in this respect, reversing it only as to the matters in which a disagreement with the circuit court was indicated by the opinion, and that the cause was remanded, with directions to enter a decree in conformity with the opinion.  *  *  *  (p. 411): Considered in the light of the former decree as to the character of the estate, its approval upon appeal and the purpose of the circuit court to conform to the views expressed upon the appeal as shown by the mandate, the decree must be regarded not as modifying the former decree in regard to the extent of the estate but only as instructing the trustees as to their duties. Whether the estate was a life estate or a determinable fee, these duties were the same.''

On the remandment of the cause, in conformity with the last-mentioned decision and opinion of the Supreme Court, a final decree was entered in the superior court on July 12, 1921, in which the court found that Frank M. Witbeck in his lifetime was seized and possessed of an equitable base or determinable fee in an undivided one-sixth interest of all of the real estate held by the trustees under the will of Henry Witbeck, deceased, and in which the court decreed that complainant, in accordance with the previous verdict rendered, was entitled to dower in the sum of $2,000 per annum during her natural life, payable on January 5 of each year, and also to the damages assessed, $10,544.38, together with legal interest thereon from January 5, 1921.

On September 29, 1921, complainant filed her petition asking the court to fix, and to tax as part of the costs, her solicitors' fees expended and incurred in

said proceeding to establish her right of dower, and alleging in substance that the construction of said will had been involved in the proceeding, that her solicitors had devoted more than 100 days to securing a proper construction thereof, and that she was entitled to fees in the sum of $7,500. On June 29, 1922, she filed an amendment to the petition, stating in substance that she was not claiming fees for the work of her solicitors in obtaining dower but only for fees in connection with the controversy as to the construction of the will. On July 8, 1922, the trustees filed their answer to the petition alleging in substance that complainant's original bill or petition was filed solely for the purpose of obtaining an assignment of her dower; that the statutes of Illinois relating to dower, and the rules and practice of the courts, do not authorize the allowance of solicitors' fees in a proceeding for the assignment of dower; that said original bill was not filed for the purpose of securing a construction of said will, that complainant had not prayed therein for a construction of the will, but had alleged that Frank M. Witbeck, husband of complainant, was seized of a base or determinable fee in certain real estate devised by said will *"as decided in the case of Lombard v. Witbeck;"* that said original bill sought a construction of the *decision* of the Supreme Court in *Lombard v. Witbeck,* and that the proper construction of said *will* had been involved only incidentally; that one of the principal questions involved was whether under Illinois laws there is dower in a determinable fee, and that this question was argued in the superior and supreme courts by complainant's solicitors and that a large part of their services was devoted to this question; that a bill for the construction of said will was filed by the trustees in the circuit court in said case of *Lombard v. Witbeck,* and decrees had been entered herein construing said will and allowing to the parties in that cause

fees for their solicitors; that all the questions concerning the construction of said will, which petitioner claims were involved in this cause, were presented to the court and decided in *Lombard v. Witbeck;* and that there is no authority in law for the allowance of further and additional solicitors' fees to persons asking for a construction of the will in said particulars.

The petition and answers were referred to a master in chancery to take evidence. Petitioner's solicitors offered in evidence the pleadings in *Aloe v. Lowe,* the various orders and decrees, and the certificate of evidence filed in the second appeal to the Supreme Court. The three solicitors for complainant (petitioner) testified in her behalf as to the amount of time expended by them in considering the effect of the decision in *Lombard v. Witbeck* and in the controversies in connection with the construction of the will, and one of them testified that $7,500 was a reasonable and customary charge for such services. The trustees did not introduce any evidence as to the value of said services. They, however, presented the stipulation of counsel to the effect that in the original suit of *Lombard v. Witbeck,* an allowance was made for solicitors' fees for services rendered in that suit in construing said will and introduced in evidence a contract between complainant and her then husband and said solicitors, relating to fees, dated August 13, 1914, wherein complainant and her husband employed said solicitors to represent them in prosecuting her claim for dower in certain real estate in which her former husband, Frank M. Witbeck, had an interest at the time of his death, and wherein it was agreed that said solicitors should receive no compensation for services in connection with the prosecution of said claim except upon a contingent basis, and that they should receive, as their sole fee and compensation, 50 per cent of whatever sum might be recovered by them either through litigation or settlement of the claim.

Upon the coming in of the master's report, and after arguments, the court entered the order first above mentioned, and the trustees under the will prayed and perfected the present appeal.

Wilson, McIlvaine, Hale & Templeton and N. M. Jones, for appellants.

Haight, Adcock, Haight & Harris, for appellee.

Mr. Presiding Justice Gridley delivered the opinion of the court.

The main ground relied upon by counsel for the trustees for a reversal of the order is in substance that solicitors' fees should not be allowed and taxed as costs to be paid out of the funds of a trust estate, in a chancery proceeding for the assignment of dower, even though in that proceeding the construction of the will of the testator which created the trust estate may be incidentally involved.

In *Wilson v. Clayburgh*, 215 Ill. 506, the question involved was whether a court of chancery, in the exercise of its equitable jurisdiction, can allow and tax as costs the solicitor's fees of the solicitor for a beneficiary under a trust created by a will who brings a suit to have the resignation of the trustee named in the will accepted and a new trustee appointed in his place, and our Supreme Court answered that question in the negative. In the opinion the court said (pp. 507-8):

"It has been repeatedly held in this State that nothing can be allowed and taxed as costs by the clerk or the court but items of cost designated by the statute to be so allowed and taxed. (Citing cases.) The only exception to this rule in this State is in cases brought by trustees for the construction of wills, where a will is so ambiguous as to make it necessary to go into a court of chancery to obtain a construction thereof, in which class of cases the costs of the litigation must

be borne by the estate. *Woman's Union Missionary Society of America v. Mead,* 131 Ill. 338; *Ingraham v. Ingraham,* 169 Ill. 432; *Arnold v. Alden,* 173 Ill. 229.
· "It is urged with much earnestness that the same reason obtains in this case for the allowance of a solicitor's fee to complainant's solicitor to be taxed as costs and paid out of the estate, that exists in the case of a bill filed for the construction of a will which is ambiguous. Such has not been the holding of the courts (*In re Holden,* 126 N. Y. 589), and this court could not so hold without legislating upon the subject. The question here presented has been before this court in partition suits (citing cases), where the litigation often may be as beneficial to the defendant as to the complainant; but the uniform holding has been, in those cases, that the court cannot allow and tax a solicitor's fee in the absence of a statute authorizing it so to do, and the same conclusion has been reached in foreclosure cases." (Citing cases; and see also, *Metropolitan Life Ins. Co. v. Kinsley,* 269 Ill. 529, 530; *Rasch v. Rasch,* 278 Ill. 261, 275; *Patterson v. Northern Trust Co.,* 286 Ill. 564, 568.)

Such have been the holdings in this State, where the jurisdiction of the circuit court is invoked in a chancery proceeding to make partition of lands even though the construction of a will is involved. (*Kendall v. Taylor,* 245 Ill. 617.) In that case the bill prayed for a partition of the lands. After issues were joined and a hearing had the chancellor ordered the partition to be made but determined the interests of complainants in the land to be different from that prayed for by them and they appealed. The case turned upon the proper construction of the will of Francis M. Kendall, which was ambiguous and required construction, and the principal contention on appeal was whether the chancellor in the decree had properly construed the will. The Supreme Court decided that he should have entered a decree partitioning the lands in accordance with the prayer of the bill. It also appears that the chancellor had taxed

the solicitor's fees of appellees' counsel as costs; that on appeal counsel for appellants contended that the chancellor had erred in so doing; and that although it was admitted that the fees were reasonable for the work performed they argued that appellees should personally pay those fees. The contention was sustained, the court saying (p. 621):

"The general rule is, that when the testator has expressed his intention in his will so ambiguously as to make it necessary to go into a court of chancery to get a construction of the will in order to determine which of two or more adverse claims to the same fund or property is valid, the costs of the litigation should be borne by the fund or property in question. (Citing cases.) This is not a bill for the construction of a will but for the partitioning of real estate. No trust was created by the will and no grounds are alleged in the bill that would give a court of equity jurisdiction in the case except that partition is sought of the lands of testator. Under the rules governing the allowance of solicitor's fees in partition proceedings, appellees are not entitled to the payment of such fees out of the funds of the estate. (Citing cases.) On the facts shown on this record the circuit court erred in allowing solicitor's fees to appellees."

We regard the *Kendall* case as particularly in point in the present controversy. In that case, although the construction of the will of the testator was involved, the only ground alleged in complainant's bill, giving jurisdiction to a court of equity, was that partition of certain lands of the testator was sought. In the case at bar the jurisdiction of the court was invoked solely for the purpose of having complainant's dower assigned. If it be said that the present case can be distinguished from the *Kendall* case, in that in the one a trust was created by the will while in the other no trust was so created, it is a sufficient answer, we think, to say that in the bill in the present case complainant did not allege the existence of said trust as a ground for the court's jurisdiction. Her petition

prayed solely for the assignment of dower under the statute (section 18, ch. 41, Cahill's Ill. St.). Furthermore, the action was brought solely in her own interest.

The contention of counsel for the trustees is further supported, we think, by the case of *Tincher v. Arnold,* 147 Fed. 665, decided by the U. S. Court of Appeals for the Seventh Circuit, where an heir of the testator sought to have the will construed and certain trust provisions held to be invalid. The trial court held the trust provisions to be valid, as creating a good charitable use, and dismissed the bill for want of equity. Complainant also petitioned the court to allow her the amount paid for solicitors' fees on the grounds that her solicitors had rendered valuable and important services to the value of $1,500, that the will was ambiguous and that application to the court was necessary to obtain a construction thereof. The petition was denied on the ground that complainant *was suing in her own right* and not for benefit of the trust estate. The decrees were affirmed by the Court of Appeals. In the opinion (p. 677), the court adopted certain conclusions of the trial court, which are set out in full and to which reference is made, and further said: "It is the appellant's claim to the estate, founded on the position that the trust provision is invalid, which gave the circuit court jurisdiction. The fact that such claim renders a construction of the will necessary does not entitle appellant to counsel fees, because the jurisdiction depends on her claim as heir, and not on her right to have, incidently, a construction of the will."

An examination of the cases of *Woman's Union Missionary Society of America v. Mead,* 131 Ill. 338, *Ingraham v. Ingraham,* 169 Ill. 432, and *Arnold v. Alden,* 173 Ill. 229 (cited in the opinion in *Wilson v. Clayburgh, supra*), discloses that the jurisdiction of the chancery court was invoked in those cases for the

express purpose of securing a construction of the will in question, and that the action was brought by the parties named in the will, either executors, beneficiaries or heirs, or trustees. In the present case complainant was not a beneficiary under the will. She did not become a member of the Witbeck family until more than three years after the probate of the will. The testator died on April 12, 1891, the will was probated on April 22, 1891, and complainant married Frank M. Witbeck on September 12, 1894. The case of *Woman's Union Missionary Society of America v. Mead,* 131 Ill. 338, is apparently the leading case in this State in enunciating the exception to the general rule as to taxation of costs mentioned in the opinion in *Wilson v. Clayburgh, supra,* and in said *Mead* case, it is said, quoting from *Smith v. Smith,* 4 Paige Ch. 271, at page 375: "As a general rule, if the testator has expressed his intention so ambiguously as to create a difficulty, which makes it necessary to come into the court of chancery to give a construction to the will or to remove the difficulty, the costs of the litigation must be borne by the estate, and the general residue is the primary fund for the payment of such costs." Among other subsequent cases in this State, in which said exception to said general rule as to the taxation of costs is referred to and solicitors' fees allowed out of the funds of the estate, may be mentioned: *McLean v. Thomas,* 159 Ill. 227, 236; *Dean v. Northern Trust Co.,* 266 Ill. 205, 210; *Guerin v. Guerin,* 270 Ill. 239, 250; *Strickland v. Strickland,* 271 Ill. 614, 621; *Haight v. Royce,* 274 Ill. 162, 172; *Ward v. Caverly,* 276 Ill. 416, 423; *Field v. Field,* 297 Ill. 379, 391. It is, however, to be noticed that in each of these cases the jurisdiction of the chancery court was invoked by a beneficiary under a will and that in almost all of the bills, as filed, a construction of the will was specifically prayed for.

It is also contended by counsel for the trustees in

substance that the order appealed from should be reversed because the will in question had already been construed in the prior proceeding of *Lombard v. Witbeck,* 173 Ill. 396, brought by the trustees for that express purpose, and in which proceeding solicitors' fees had been allowed and paid out of the estate; that in the bill filed by complainant for the assignment of her dower under the statute she relied upon that construction of the will so obtained in said prior proceeding as appears from certain allegations in her bill; that a further construction of the will was unnecessary; and that solicitors' fees should not be taxed as costs against the estate a second time, even though opposing counsel differed as to the meaning and effect of the final *decree,* entered in said cause of *Lombard v. Witbeck* after remandment and *after* said will had been finally construed by the Supreme Court in its said decision (173 Ill. 396). In view of the decision of *Wilson v. Clayburgh, supra,* as to the general rule in this State as to the taxation of costs in a chancery proceeding, viz., that solicitors' fees cannot be taxed as costs in the absence of a statute authorizing it to be done, except in the case of the one exception mentioned; in view of the fact that complainant in her bill did not pray for any further construction of the will other than that already given in said cause of *Lombard v. Witbeck,* and upon which she relied in making claim for the assignment of her dower; in view of the further fact that her bill was filed solely in her own interest; and in view of the decisions of *Kendall v. Taylor, supra,* and *Tincher v. Arnold, supra,* and the decision and opinion of our Supreme Court in the present cause (298 Ill. 404), to which reference has been made in the above "Statement by the Court," we are of the opinion that there is merit in the contention of counsel. (See also, *Board of Administration v. Stead,* 259 Ill. 194, 210; *Stevenson v. Stevenson,* 285 Ill. 486, 500.)

Our conclusion is that the order appealed from should be reversed and the cause remanded with directions to the superior court to dismiss complainant's petition for solicitors' fees, and it is so ordered.

*Reversed and remanded with directions.*

FITCH and BARNES, JJ., concur.